[666 NYS2d 732]

In the Matter of Emilia Agwamma Tems, a Suspended Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, December 29, 1997

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Susan Korenberg* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains 14 charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained all of the charges except Charge Six. The Grievance Committee now moves to confirm the Special Referee's report insofar as it sustains Charges One through Five, and Seven through Fourteen, and to disaffirm the report insofar as it fails to sustain Charge Six. The respondent cross-moves to confirm the Special Referee's report insofar as it sustains Charges Three, Seven, Eight, Twelve, and Thirteen and fails to sustain Charge Six, and to disaffirm the report insofar as it sustains Charges One, Two, Four, Five, Nine, Ten, Eleven, and Fourteen.

Charge One, as amended, alleges that the respondent converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). On November 20, 1992, the respondent deposited $5,500 into her escrow account which she was to hold in trust as a fiduciary on behalf of her client Patrick Ezewiro. As of that date, although the respondent had not disbursed any of the $5,500 on behalf of Mr. Ezewiro, the balance in her escrow account was $5,455.70.

Charge Two alleges that the respondent converted funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). On April 9, 1993, the respondent deposited $255 into her escrow account which she was to hold in trust as a fiduciary on behalf of her client Naser Awawdeh. As of that date, although the respondent had not disbursed any of the $255 on behalf of Mr. Awawdeh, the balance in her escrow account was $122.70.

Charge Three alleges that the respondent commingled her personal funds with moneys entrusted to her as a fiduciary and incident to her practice of law, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Between November 1992 and April 1994, the respondent deposited into her escrow account moneys entrusted to her as a fiduciary and incident to her practice of law. During this period, the respondent's escrow account also contained her personal funds.

Charge Four alleges that the respondent failed to maintain a record of all deposits into and withdrawals from her escrow ac-

count, in violation of Code of Professional Responsibility DR 9-102 (D) (1) (22 NYCRR 1200.46 [d] [1]). Between November 1992 and April 1994, the respondent made deposits into and withdrawals from her escrow account, but she failed to record all such deposits and withdrawals in an escrow account ledger.

Charge Five alleges that the respondent engaged in conduct that is prejudicial to the administration of justice in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]), and Charge Six alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). By letters dated May 12, May 25, and July 19, 1993, the respondent was advised that the petitioner had commenced *sua sponte* investigations of dishonored checks issued from her escrow account. The respondent was requested to produce records of her escrow account, including her escrow account ledger. On November 15, 1993, the respondent gave sworn testimony before the Grievance Committee, and produced a document which she misrepresented to be a ledger prepared contemporaneously with the transactions reflected therein.

Charge Seven alleges that the respondent made several cash withdrawals from her escrow account, in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]).

Charge Eight alleges that the respondent failed to provide the Grievance Committee with required records pertaining to her escrow account, in violation of Code of Professional Responsibility DR 9-102 (H) (22 NYCRR 1200.46 [h]). During the course of its investigation, the Grievance Committee requested that the respondent submit required bookkeeping records pertaining to her escrow account including deposit slips, cancelled checks, and withdrawal receipts for the period from November 1992 to April 1994. The respondent failed to provide the petitioner with all of the requested records.

Charge Nine alleges that the respondent failed to properly identify her escrow account checks, in violation of Code of Professional Responsibility DR 9-102 (B) (2) (22 NYCRR 1200.46 [b] [2]). In or about October and November 1993, the respondent issued escrow account checks which failed to identify them as pertaining to an escrow, trust, or special account.

Charge Ten alleges that the respondent engaged in a conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]). In or about August 1993,

Sam Obetoh contracted to purchase 829 Marcy Avenue, Brooklyn, from Mae Bryan. The respondent acted as the attorney for Ms. Bryan. She also acted as Ms. Bryan's real estate broker.

Charge Eleven alleges that the respondent engaged in a conflict of interest, in violation of Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]). In or about May 1993, Vannotte Gaston, Marie Gaston, Pierre Sannon, and Marianie Juste contracted to purchase 4514 Avenue L, Brooklyn, from Neil, Patricia, and Daniel Tasso. The respondent acted as the attorney for the purchasers. She also acted as the sellers' real estate broker.

Charge Twelve alleges that the respondent failed to file a timely retainer statement with the Office of Court Administration, in violation of 22 NYCRR 691.20 (a). The respondent was retained to prosecute a personal injury action on behalf of Joseph Ojeh. It was agreed that the respondent's fee would be one third of any recovery. The respondent failed to file a retainer statement with the Office of Court Administration within 30 days of being retained.

Charge Thirteen alleges that the respondent failed to file a timely closing statement with the Office of Court Administration, in violation of 22 NYCRR 691.20 (b). In or about October 1993, the respondent settled Mr. Ojeh's personal injury claim. The respondent failed to file a closing statement with the Office of Court Administration within 15 days of her receipt of a portion of the settlement proceeds.

Charge Fourteen alleges that, by virtue of the allegations contained in Charges One through Thirteen, the respondent has engaged in conduct that adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In her answer, the respondent admitted that the balances in her escrow account on November 20, 1992 and April 12, 1993 were $5,455.70 and $122.70, respectively; that between November 1992 and April 1994, fees earned by her were kept in her escrow account prior to their withdrawal; that she improperly made cash withdrawals from her escrow account; that she failed to provide the Grievance Committee with all records pertaining to her escrow account; that she acted as the seller's attorney and as the seller's real estate broker in a real estate transaction; that she acted as the buyers' attorney and the sellers' real estate broker in another transaction; and that she failed to file timely retainer and closing statements with the Office of Court Administration.

Based on the respondent's admissions and the evidence adduced at the hearing, the Special Referee should have sustained all of the charges against the respondent. Thus, the Grievance Committee's motion to confirm the Special Referee's report insofar as it sustains Charges One through Five and Seven through Fourteen and to disaffirm the report insofar as it fails to sustain Charge Six is granted. The branch of the respondent's cross motion which is to confirm the Special Referee's report insofar as it sustains Charges Three, Seven, Eight, Twelve, and Thirteen is also granted, and the cross motion is otherwise denied.

In determining the appropriate measure of discipline to impose, we have considered the mitigating circumstances proffered by the respondent, including her lack of experience in running a law office, and her lack of veniality. The respondent's prior disciplinary history consists of a one-year suspension for failure to cooperate with the Grievance Committee's investigation of the charges that are the subject of the present disciplinary proceeding.

Under the totality of the circumstances, the respondent is disbarred for her acts of professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report insofar as it sustains Charges One through Five and Seven through Fourteen and to disaffirm the report insofar as it fails to sustain Charge Six is granted; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm the Special Referee's report insofar as it sustains Charges Three, Seven, Eight, Twelve, and Thirteen is granted, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Emilia Agwamma Tems, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Emilia Agwamma Tems is commanded to continue

to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.